```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**MICHAEL D. UNRUH,**

                      **Plaintiff,**

        v.                                  CASE NO. 12-3073-SAC

**ALL RESIDENTS WEST TWO UNIT; et al.,**

                      **Defendants.**

**MEMORANDUM AND ORDER**

This matter is before the court on a civil action alleging a violation of constitutional rights. Plaintiff is detained in the Larned State Hospital (LSH) under a civil commitment. He proceeds pro se, and the court grants leave to proceed in forma pauperis.

In this action, plaintiff alleges the defendants, residents of a housing unit at the LSH assigned to the Sexual Predator Treatment Program, have created a hostile environment and subjected him to harassment by urging staff to prepare reports against plaintiff due to personal property in his room, by complaining about his failure to shower, complaining of odor in his cell, and by expressing an intention to cause plaintiff to regret his transfer to that housing area. Plaintiff alleges a pattern of maltreatment exists, and he seeks damages and costs.

**Discussion**

Because plaintiff proceeds *pro se,* the court liberally construes his pleadings. *Northington v. Jackson,* 973 F.2d 1518, 1520-21 (10th Cir.1992). The court nevertheless must review the

complaint for legal sufficiency. 28 U.S.C. § 1915(e).

Under § 1915(e), the court must dismiss a complaint if it finds the action (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2). In this context, the term "frivolous" means the complaint rests upon an "inarguable legal conclusion" or "fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319 (1989).

The requirement of liberal construction in a *pro se* plaintiff's complaint means that where the court can reasonably read the complaint "to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

First, to the extent plaintiff's complaint may be read to allege claims only against other residents of the LSH, he does not state a claim for relief in a federal civil rights action under 42 U.S.C. § 1983. In order to state a claim for relief under that provision, plaintiff must allege both the violation of a federal right secured by the Constitution or federal law, and he must show that the deprivation was caused by a person acting under color of state law. *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009). The "under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999).

2

However, even if plaintiff's complaint were read to include staff members as defendants, his assertions still would fail to state a claim for relief.

Plaintiff's claims concern the conditions of his confinement. Because plaintiff is confined under a civil commitment, his claims are governed by the Due Process Clause. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002). However, while plaintiff's rights are secured by the Fourteenth Amendment, the courts apply the identical analysis used in cases arising under the Eighth Amendment for evaluating claims of unconstitutional conditions of confinement. *See McClendon v. City of Albuquerque*, 79 F.3d 1014, 1022 (10th Cir. 1996). Under that standard, officials must provide "humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee ... safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998). To prevail on such a claim alleging unconstitutional conditions of confinement, a plaintiff must show that the defendant officials acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825 (1994)(explaining deliberate indifference standard).

To establish the defendants' liability under this standard, plaintiff must show both that defendants "kn[ew] of and disregard[ed] an excessive risk to [his] health and safety," *Farmer*, 511 U.S. at 837, and that the alleged deprivation was "sufficiently serious." *See Wilson v. Seiter,* 501 U.S. 294, 298 (1991).

Not every inconvenience or discomfort that occurs during a

3

lawful detention implicates the Constitution. Rather, "only those deprivations denying the minimum civilized measure of life's necessities ... are sufficiently grave" to establish a constitutional violation. *Seiter, id.*

Here, even assuming plaintiff's complaint names LSH staff members as defendants, the plaintiff's claims do not show that he suffered a sufficiently serious deprivation caused by the acts of the defendants. While the conditions plaintiff describes may be unpleasant, they do not suggest that he has been denied the civilized measure of life's necessities in any regard. The court therefore concludes this matter must be dismissed as legally frivolous.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED this matter is dismissed as legally frivolous pursuant to 28 U.S.C. §1915(e).

IT IS FURTHER ORDERED plaintiff's motions to appoint counsel (Doc. 3) and for the violation of civil rights (Doc. 4) are denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 24th day of April, 2012, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge